**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORI LEE PONCE, | No. 13-36192 |
| Plaintiff-Appellant | D.C. 3:11-cv-00172-AC |
| v. | ORDER |
| U.S. GOVERNMENT, | |
| Defendant-Appellee. | |

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

The panel has unanimously voted to deny appellant's petition for panel rehearing. Judges Tallman and Hurwitz voted to deny the petition for rehearing en banc, and Judge Tashima so recommends. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for panel rehearing and rehearing en banc, Dkt. No. 41, is DENIED.

The Memorandum Disposition filed on May 10, 2016, is hereby amended as follows:

At the end of Paragraph 2, the following footnote should be added:

1

<Here, rather than seeking injunctive relief to prompt a decision on the merits of a claim for benefits, *see, e.g., Rodriguez v. Donovan*, 769 F.2d 1344, 1346-48 (9th Cir. 1985), Ponce seeks to recover damages from unnamed governmental employees for delays incurred in the processing of her FECA claims.>.

No further petitions for rehearing or rehearing en banc will be entertained.

FILED

AUG 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI LEE PONCE, | No. 13-36192 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00172-AC |
| v. | AMENDED MEMORANDUM[*] |
| U.S. GOVERNMENT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 4, 2016
Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Lori Lee Ponce appeals the district court's dismissal of her third amended complaint and denial of leave to amend to assert a *Bivens*[1] claim against unnamed employees of the Department of Labor ("the Doe Defendants"). The Doe Defendants allegedly initially denied, and then granted in part, Ponce's claim for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1

benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*. in violation of her constitutional rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]

1.   Whether to recognize a *Bivens* claim is governed by a two-pronged inquiry. First "is the question whether any alternative, existing process for protecting the [constitutional] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Second, even if no such process exists, "a *Bivens* remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 378 (1983)). The district court relied solely on the first prong of the inquiry, concluding that "the comprehensive remedial scheme of [FECA] in the federal employment context prevents the recognition of a *Bivens* remedy."

2.   We agree. Ponce's claim arises "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving

---

[2]   The district court dismissed Ponce's third amended complaint on sovereign immunity grounds because it sought damages against the United States. On appeal, Ponce challenges only the court's denial of leave to amend to assert a *Bivens* claim against the Doe Defendants.

2

meaningful remedies against the United States." *Bush*, 462 U.S. at 368. A *Bivens* remedy is inappropriate because, through FECA, "Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988).[3]

3. The FECA statutory scheme is materially indistinguishable from the Social Security legislation reviewed in *Schweiker*. FECA provides for an initial determination by an agency of a claimant's eligibility for benefits, followed by multiple levels of review, including de novo review and the ability to present new evidence. *Compare* 487 U.S. at 424 (detailing the Social Security process), *with* 20 C.F.R. § 10.600 *et seq.* (detailing FECA process). Moreover, the remedy Ponce seeks is virtually identical to the one sought in *Schweiker*: "consequential damages for hardships resulting from an allegedly unconstitutional denial of a statutory right." 487 U.S. at 428. "In light of the comprehensive statutory schemes involved, the harm resulting from the alleged constitutional violation can in neither case be separated from the harm resulting from the denial of the statutory right." *Id.* Nor does the possibility that the remedy in a *Bivens* action would be more favorable than

---

[3] Here, rather than seeking injunctive relief to prompt a decision on the merits of a claim for benefits, *see, e.g., Rodriguez v. Donovan*, 769 F.2d 1344, 1346-48 (9th Cir. 1985), Ponce seeks to recover damages from unnamed governmental employees for delays incurred in the processing of her FECA claims.

3

those available under FECA justify the recognition of a *Bivens* claim. *See*

*Schweiker*, 487 U.S. at 425; *Bush*, 462 U.S. at 372.

**AFFIRMED.**